UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - x

UNITED STATES OF AMERICA             :

        -v.-                         :    05 Cr. 819 (DAB)

ALEXANDER YAKOVLEV,                   :

        Defendant.                    :

- - - - - - - - - - - - - - - - - x

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 12/22/10

### MOTION FOR THE ENTRY OF AN ORDER OF FORFEITURE AND CORRECTION OF THE JUDGMENT

The United States of America, by its counsel, Preet Bharara, United States Attorney, and Randall Jackson, Assistant U.S. Attorney, moves pursuant to Rules 32.2(b)(4)(B) and 36 of the Federal Rules of Criminal Procedure for the entry of an order forfeiting certain property to the United States and correcting the judgment to incorporate the forfeiture order.  In support of its motion, the Government says the following:

Background

On or about March 21, 2007, the defendant, Alexander Yakovlev pled guilty to the Information. The Court accepted the guilty plea and sentencing was eventually scheduled for December 13, 2010. Prior to sentencing, in 2009, the parties agreed that the defendant would forfeit $900,000 in an identified account in Liechtenstein. The parties therefore executed a proposed order whereby the defendant consented to the forfeiture of these funds. The proposed order was then transmitted to the Court.

On December 13, 2010, the parties appeared before the Court for sentencing. The Court sentenced the defendant to time served, two years supervised release, and a $300 special assessment. Neither the parties nor the Court specifically mentioned the proposed order that had been submitted or any other issues related to forfeiture. It was clear, however, prior to the imposition of sentence, that the parties expected the funds addressed in the Proposed Order to be forfeited in connection with the defendant's sentencing.

The Government now moves the Court to correct the error by entering the Proposed Order and correcting the judgment to incorporate the forfeiture order.

## Discussion

Rule 32.2(b)(4)(B) provides as follows:

> (B) Notice and Inclusion in the Judgment. The court must include the forfeiture when orally announcing the sentence *or must otherwise ensure that the defendant knows of the forfeiture at sentencing*. The court must also include the forfeiture order, directly or by reference, in the judgment, *but the court's failure to do so may be corrected at any time under Rule 36*.

F.R.Crim.P. 32.2(b)(4)(B) (emphasis added).[1]

---

[1] The citation is to the version of Rule 32.2 that took effect on December 1, 2009. The Order of the Supreme Court promulgating the rule provides that the amendments to the Federal Rules of Criminal Procedure taking effect on that date "shall govern in all proceedings thereafter commenced and, insofar as just and practicable, all proceedings then pending." Order of March 26, 2009, 2009 U.S. Order 18 (2009). The italicized language is an addition to the rule that was formerly codified as Rule 32.2(b)(3).

The rule contains two requirements regarding the forfeiture of property as part of the defendant's sentence in a criminal case: 1) the court must include the forfeiture in the oral announcement of the sentence "or must otherwise ensure that the defendant know of the forfeiture at sentencing;" and 2) the court must issue an order of forfeiture and include the order in the Judgment.

In this case, the first requirement was met. Although the forfeiture was not included in the oral announcement of the defendant's sentence, the Court reviewed the Proposed Order executed by the parties by which the defendant agreed to the forfeiture. In that document, the defendant expressly acknowledged and agreed that the property described therein would be forfeited. Thus, there is no doubt that the defendant knew of the forfeiture at sentencing.

The second requirement that an order of forfeiture is issued and included in the Judgment has not yet been met. However, the Court retains the authority to issue the Order of Forfeiture and to correct the Judgment.

**Rule 32.2(b)(4)(B)**

Rule 32.2(b)(4)(B) expressly provides that a court's failure to include the forfeiture in the judgment "may be corrected at any time under Rule 36." Rule 36 governs clerical errors, and the majority of courts have long recognized that the failure to

make the order of forfeiture part of the judgment in a criminal

case is a clerical error that may be corrected pursuant to Rule

36, as long as the record makes clear that the defendant was

aware of the forfeiture at the time of sentencing.  *See United*

*States v. Pelullo*, 305 Fed. Appx. 823, 827-28 (3rd Cir. 2009) (in

light of the jury's verdict of forfeiture, the district court's

failure to issue an order of forfeiture prior to sentencing or to

include it in the judgment was a clerical error that could be

corrected pursuant to Rule 36).[2]  While these cases involve a

wide variety of facts - in some cases there was a preliminary

order of forfeiture that was omitted from the judgment; in others

the forfeiture was included only in the oral announcement, or

only in the jury verdict, or only in a written Plea Agreement –

the consistent theme is that if the record makes it clear that

the defendant was fully aware of the forfeiture at the time of

sentencing, the belated entry of the order of forfeiture does not

violate his fundamental rights or affect the fairness of the

proceedings.  *See United States v. Mitchell*, 70 Fed. Appx. 707,

---

[2] *See also United States v. Quintero*, 572 F.3d 351, 353 (7th Cir.
2009) (district court's failure to include a previously-issued
preliminary order of forfeiture in the judgment is a clerical error
that may be corrected at any time pursuant to Rule 36); *United States
v. Hatcher*, 323 F.3d 666, 673 (8th Cir. 2003) (if there was a
preliminary order of forfeiture, the failure to include the forfeiture
in the judgment or in the oral pronouncement at sentencing is a
clerical error that may be corrected at any time pursuant to Rule 36);
*United States v. Loe*, 248 F.3d 449, 464 (5th Cir. 2001) (if district
court forgets to include forfeiture in the judgment, it may, pursuant
to Rule 36 amend the judgment *nunc pro tunc*; even if the judgment is
not so amended, oral pronouncement of the forfeiture at the sentencing
hearing is sufficient to comply with former Rule 32(d)(2)).

714-15 (4th Cir. 2003) (where defendant had notice of the
forfeiture in the indictment, and the court entered a preliminary
order, the failure to comply with the technical requirements of
Rule 32.2(b)(3) was a ministerial error that did not affect the
fairness of the proceedings). *United States v. Koch*, 491 F.3d
929, 932 (8th Cir. 2007) (failure to include the order of
forfeiture in the judgment was a housekeeping error that did not
affect defendant's fundamental rights, such as the right to have
his entire sentence imposed as a package); *United States v. Yeje-
Cabrera*, 430 F.3d 1, 15 (1st Cir. 2005) (the portion of former
Rule 32.2(b)(3) requiring the court to make the forfeiture part
of the judgment is "largely a housekeeping rule and does not
itself go to any fundamental rights of defendants"; the error may
be corrected pursuant to Rule 36 if it is clear that the
defendant was aware of the forfeiture).[3]

   Here, it is undisputed that the defendant was aware of, and
agreed to, the forfeiture of the property listed in the Plea
Agreement.  The failure to enter a formal Order of Forfeiture at
sentencing may therefore be regarded as a ministerial error the

---

   [3] Prior to the enactment of Rule 32.2(b)(4)(B), a minority of
courts, led by the Eleventh Circuit, took a more limited view of the
court's authority to amend the judgment pursuant to Rule 36.  *See
United States v. Petrie*, 302 F.3d 1280, 1284 (11th Cir. 2002)
(district court lacked jurisdiction to enter a preliminary order of
forfeiture 6 months after defendant was sentenced even though the
judgment and commitment order said defendant "was subject to
forfeiture as cited in count two").  The enactment of Rule
32.2(b)(4)(B) was a response to this division and a codification of
the majority rule.

correction of which would not violate the defendant's fundamental rights or affect the fairness of the proceedings. Accordingly, this court may rely on Rule 32.2(b)(4)(B) to belatedly issue the order of forfeiture and include it by reference in the judgment.

<u>Conclusion</u>

For all of these reasons, the Court should issue the previously submitted Order of Forfeiture and provide that it is incorporated by reference into the Judgment.

New York, New York
December 22, 2010

Respectfully Submitted,

PREET BHARARA
United States Attorney
Southern District of New York

By: _____/s/_____
Randall W. Jackson
Assistant United States Attorney
(212) 637-1029

SO ORDERED

DEBORAH A. BATTS    12/22/10
UNITED STATES DISTRICT JUDGE