UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - -x

UNITED STATES OF AMERICA            :

        -v-                        :       CONSENT ORDER
                                             OF FORFEITURE

ALEXANDER YAKOVLEV,                 :       05 Cr. 819 (DAB)

               Defendant.    :

- - - - - - - - - - - - - - - - - -x

       WHEREAS, on August 8, 2005, ALEXANDER YAKOVLEV (the "Defendant"), was charged in a three count Information, 05 Cr. 819 (DAB) (the "Information"), with one count conspiracy to commit wire fraud; one count, wire fraud; and one count conspiracy to commit money laundering, by in violation of 18 U.S.C. §§ 1343, 1346, and 1956(a)(1)(A)(I), 1956(a)(1)(B)(I) and 1957; and

       WHEREAS, on or about March 21, 2007, the defendant pled guilty to the Information; and

       WHEREAS, YAKOVLEV, as part of his written plea agreement, agreed to forfeit to the United States a sum of money equal to $900,000 in United States Currency, representing property constituting, and derived, directly or indirectly, from gross proceeds traceable to the commission of the wire fraud and money laundering offenses for which he pled guilty; and

       WHEREAS, in satisfaction of his forfeiture obligation, YAKOVLEV agrees to forfeit $900,000 in United States Currency, from the contents of the following bank accounts located in

Liechtenstein:

    a.   Funds currently being held on deposit at Liechtensteinische Landesbank ("LLB") AG and LLB Treuhand AG, 9490 Vaduz, Accounts Numbered 208.638.98 and 213.042.67, in the name of Alexander Yakovlev or Olga Yakoleva; and

    b.   Funds currently being held on deposit at LLB AG and LLB Treuhand AG, 9490 Vaduz, Accounts Numbered 212.440.51 and 213.036.32, in the name of Angelus Finance Ltd, for which Alexander Yakovlev is the financial beneficiary;

(hereinafter referred to as the "Subject Property");

WHEREAS, pursuant to Fed. R. Crim. P. 32.2(b)(3), YAKOVLEV consents to the entry of the Order of Forfeiture in advance of the sentencing;

WHEREAS, pursuant to Fed. R. Crim. P. 32.2(b)(3), this Order of Forfeiture is final as to the defendant and shall be made part of the sentence and included in the judgment; and

WHEREAS, pursuant to 21 U.S.C. § 853(g), the United States is, by virtue of said guilty plea, now entitled, pending any assertion of third-party claims, to reduce the Subject Property to its possession and to notify any and all potential purchasers and transferees thereof of its interest therein;

IT IS HEREBY STIPULATED AND AGREED, by and between the plaintiff, United States of America, by its attorney Lev L. Dassin, Acting United States Attorney, Assistant United States Attorneys, Sharon Cohen Levin and Michael Farbiarz, and Alexander

Yakovlev by his counsel, Arkady Bukh, Esq. that:

1. The defendants right, title and interest in the Subject Property, limited to $900,000, is hereby forfeited to the United States for disposition in accordance with the law, subject to the provisions of Title 21 U.S.C. § 853(n).

2. The aforementioned Subject Property, limited to $900,000, is to be held by the United States Marshals Service, in its secure custody and control.

3. Pursuant to Rule G(4)(a) of the Supplemental Rules for Certain Admiralty and Maritime Claims and Asset Forfeiture Actions, the United States is permitted to publish forfeiture notices on the government internet site, www.forfeiture.gov. This site incorporates the forfeiture notices that have been traditionally published in newspapers. The United States forthwith shall publish the internet ad for at least 30 consecutive days. Any person, other than the defendant(s) in this case, claiming interest in the Subject Property must file a Petition within 60 days from the first day of publication of the Notice on this official government internet web site, or no later than thirty-five (35) days from the mailing of actual notice, whichever is earlier, pursuant to Rule G(5) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions. The petition shall be signed by the petitioner under penalty of perjury and shall set forth the nature and extent of

the petitioner's right, title or interest in the Subject Property, the time and circumstances of the petitioner's acquisition of the right, title and interest in the Subject Property and any additional facts supporting the petitioner's claim and the relief sought, pursuant to 21 U.S.C. § 853(n).

4.  The United States may also, to the extent practicable, provide direct written notice to any person known to have an alleged interest in the assets to be forfeited, which are the subject of this Order of Forfeiture.

5.  Upon adjudication of all third-party interests, this Court will enter a Final Order of Forfeiture pursuant to 21 U.S.C. § 853(n), in which all interests will be addressed.

6.  The signature pages of this Stipulation may be executed in one or more counterparts, each of which will be

4

deemed an original but all of which together will constitute one and the same instrument and facsimile signatures shall be acceptable in lieu of original signatures.

**AGREED AND CONSENTED TO:**

**LEV L. DASSIN**
Acting United States Attorney for the
Southern District of New York
Attorney for the United States

By: _____  DATE 5/18/2009
SHARON COHEN LEVIN
MICHAEL FARBIARZ
Assistant United States Attorneys
One St. Andrew's Plaza
New York, New York 10007
212-637-1060 / 1587

**ALEXANDER YAKOVLEV, Defendant**

By: _____  DATE 05/06/2009
ALEXANDER YAKOVLEV

By: _____  DATE 05/09/2009
ARKADY BUKH, ESQ.
Counsel for the Defendant

**SO ORDERED:**

_____  12/22/10
HONORABLE DEBORAH A. BATTS    DATE
UNITED STATES DISTRICT COURT JUDGE