AO 245B  (Rev. 06/05) Judgment in a Criminal Case
Sheet 1

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 12/22/10

# UNITED STATES DISTRICT COURT

SOUTHERN District of NEW YORK

| UNITED STATES OF AMERICA | JUDGMENT IN A CRIMINAL CASE |
|---|---|
| V. | |
| ALEXANDER YAKOVLEV | Case Number: 05 CR 819 DAB |
| | USM Number: 58105-054 |
| | ARKADY BUKH AND NICHOLAS WALDRIDGE |
| | Defendant's Attorney |

**THE DEFENDANT:**

X  pleaded guilty to count(s)  ONE, TWO AND THREE ON 8/08/2005

☐  pleaded nolo contendere to count(s) _____
which was accepted by the court.

☐  was found guilty on count(s) _____
after a plea of not guilty.

The defendant is adjudicated guilty of these offenses:

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 18 USC § 1349 | CONSP. TO COMMIT WIRE FRAUD | JUNE 2005 | 1 |
| 18 USC § 1343 & 1346 | WIRE FRAUD | JUNE 2005 | 2 |
| 18 USC § 1956 | CONSP. TO COMMIT MONEY LAUNDERING | JUNE 2005 | 3 |

The defendant is sentenced as provided in pages  2-6  of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s) _____

Count(s) _____ ☐ is    are  dismissed on the motion of the United States.

It is ordered that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

DECEMBER 13, 2010
Date of Imposition of Judgment

*Deborah A. Batts*
Signature of Judge

DEBORAH A. BATTS, UNITED STATES DISTRICT JUDGE
Name and Title of Judge

December 22, 2010
Date

DEFENDANT: ALEXANDER YAKOVLEV
CASE NUMBER: 05 CR 819 DAB

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of:

**TIME SERVED on counts one, two and three to run concurrently.**

**The Defendant is notified of his right to appeal.**

**The court makes the following recommendations to the Bureau of Prisons:**

The defendant is remanded to the custody of the United States Marshal.

The defendant shall surrender to the United States Marshal for this district:

☐ at _____ ☐ a.m. ☐ p.m. on _____ .

☐ as notified by the United States Marshal.

☐ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

on _____ (Per attached memo endorsed Order dated Sept. 14, 2010.)

☐ as notified by the United States Marshal.

☐ as notified by the Probation or Pretrial Services Office.

## RETURN

I have executed this judgment as follows:




Defendant delivered _____ to _____

at _____ , with a certified copy of this judgment.


_____
UNITED STATES MARSHAL

By _____
DEPUTY UNITED STATES MARSHAL

DEFENDANT: ALEXANDER YAKOVLEV
CASE NUMBER: 05 CR 819 DAB

## SUPERVISED RELEASE

### TWO YEARS on all counts to run concurrently.

    The defendant must report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state or local crime.

The defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.

- ☐ The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse. (Check, if applicable.)
- ☐ The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon. (Check, if
- ☐ The defendant shall cooperate in the collection of DNA as directed by the probation officer. (Check, if applicable.)
- ☐ The defendant shall register with the state sex offender registration agency in the state where the defendant resides, works, or student, as directed by the probation officer. (Check, if applicable.)
- ☐ The defendant shall participate in an approved program for domestic violence. (Check, if applicable.)

    If this judgment imposes a fine or restitution, it is a condition of supervised release that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.

    The defendant must comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page.

### STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without the permission of the court or probation officer;
2) the defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;
3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
4) the defendant shall support his or her dependents and meet other family responsibilities;
5) the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;
6) the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;
7) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;
8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9) the defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;
10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;
11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court; and
13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

DEFENDANT: ALEXANDER YAKOVLEV
CASE NUMBER: 05 CR 819 DAB

## SPECIAL CONDITIONS OF SUPERVISION

The Defendant is to be supervised in his district of residence.

The Defendant shall cooperate fully with Immigration and Customs Enforcement in any proceedings against him that they initiate and he shall obey fully all rules and regulations of ICE.

Judgment — Page __5__ of __6__

**DEFENDANT:** ALEXANDER YAKOVLEV
**CASE NUMBER:** 05 CR 819 DAB

## CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments on Sheet 6.

|  | **Assessment** | **Fine** | **Restitution** |
|---|---|---|---|
| **TOTALS** | $ 300.00 | $ NO FINE | $ NO RESTITUTION |

☐ The determination of restitution is deferred _____. An *Amended Judgment in a Criminal Case* (AO 245C) will be after such determination.

☐ The defendant must make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(I), all nonfederal victims must be paid before the United States is paid.

| **Name of Payee** | **Total Loss*** | **Restitution Ordered** | **Priority or Percentage** |
|---|---|---|---|
| **TOTALS** | $ 0 | $ 0 | |

☐ Restitution amount ordered pursuant to plea agreement _____

The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

☐ The court determined that the defendant does not have the ability to pay interest and it is ordered that:

☐ the interest requirement is waived for    ☐ fine    ☐ restitution.

☐ the interest requirement for    ☐ fine    ☐ restitution is modified as follows:

---

\* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

AO 245B   (Rev. 06/05) Judgment in a Criminal Case
          Sheet 6 — Schedule of Payments

Judgment — Page  6  of  6

DEFENDANT:      ALEXANDER YAKOVLEV
CASE NUMBER:    05 CR 819 DAB

# SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties are due as follows:

A  ☐  Lump sum payment of $_____ due immediately, balance due

       ☐  not later than _____ , or
       ☐  in accordance  ☐ C,  ☐ D,  ☐ E, or  ☐ F below; or

B  ☐  Payment to begin immediately (may be combined with  ☐ C,  ☐ D, or  ☐ F below); or

C  ☐  Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after the date of this judgment; or

D  ☐  Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after release from imprisonment to a term of supervision; or

E  ☐  Payment during the term of supervised release will commence within _____ (e.g., 30 or 60 days) after release from imprisonment. The court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

F  X  Special instructions regarding the payment of criminal monetary penalties:

**The Defendant shall pay a special assessment of $300 within sixty days of entry of judgment.**

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

☐  Joint and Several

   Defendant and Co-Defendant Names and Case Numbers (including defendant number), Total Amount, Joint and Several and corresponding payee, if appropriate.

☐  The defendant shall pay the cost of prosecution.

☐  The defendant shall pay the following court cost(s):

X  The defendant shall forfeit the defendant's interest in the following property to the United States:
   **CONSENT ORDER OF FORFEITURE ATTACHED.**

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) fine interest, (6) community restitution, (7) penalties, and (8) costs, including cost of prosecution and court costs.

```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - -x

UNITED STATES OF AMERICA          :
                                         CONSENT ORDER
            -v-                   :      OF FORFEITURE

ALEXANDER YAKOVLEV,               :      05 Cr. 819 (DAB)

            Defendant.            :

- - - - - - - - - - - - - - - - -x
```

WHEREAS, on August 8, 2005, ALEXANDER YAKOVLEV (the "Defendant"), was charged in a three count Information, 05 Cr. 819 (DAB) (the "Information"), with one count conspiracy to commit wire fraud; one count, wire fraud; and one count conspiracy to commit money laundering, by in violation of 18 U.S.C. §§ 1343, 1346, and 1956(a)(1)(A)(I), 1956(a)(1)(B)(I) and 1957; and

WHEREAS, on or about March 21, 2007, the defendant pled guilty to the Information; and

WHEREAS, YAKOVLEV, as part of his written plea agreement, agreed to forfeit to the United States a sum of money equal to $900,000 in United States Currency, representing property constituting, and derived, directly or indirectly, from gross proceeds traceable to the commission of the wire fraud and money laundering offenses for which he pled guilty; and

WHEREAS, in satisfaction of his forfeiture obligation, YAKOVLEV agrees to forfeit $900,000 in United States Currency, from the contents of the following bank accounts located in

Liechtenstein:

    a.    Funds currently being held on deposit at Liechtensteinische Landesbank ("LLB") AG and LLB Treuhand AG, 9490 Vaduz, Accounts Numbered 208.638.98 and 213.042.67, in the name of Alexander Yakovlev or Olga Yakoleva; and

    b.    Funds currently being held on deposit at LLB AG and LLB Treuhand AG, 9490 Vaduz, Accounts Numbered 212.440.51 and 213.036.32, in the name of Angelus Finance Ltd, for which Alexander Yakovlev is the financial beneficiary;

(hereinafter referred to as the "Subject Property");

WHEREAS, pursuant to Fed. R. Crim. P. 32.2(b)(3), YAKOVLEV consents to the entry of the Order of Forfeiture in advance of the sentencing;

WHEREAS, pursuant to Fed. R. Crim. P. 32.2(b)(3), this Order of Forfeiture is final as to the defendant and shall be made part of the sentence and included in the judgment; and

WHEREAS, pursuant to 21 U.S.C. § 853(g), the United States is, by virtue of said guilty plea, now entitled, pending any assertion of third-party claims, to reduce the Subject Property to its possession and to notify any and all potential purchasers and transferees thereof of its interest therein;

IT IS HEREBY STIPULATED AND AGREED, by and between the plaintiff, United States of America, by its attorney Lev L. Dassin, Acting United States Attorney, Assistant United States Attorneys, Sharon Cohen Levin and Michael Farbiarz, and Alexander

2

Yakovlev by his counsel, Arkady Bukh, Esq. that:

1. The defendants right, title and interest in the Subject Property, limited to $900,000, is hereby forfeited to the United States for disposition in accordance with the law, subject to the provisions of Title 21 U.S.C. § 853(n).

2. The aforementioned Subject Property, limited to $900,000, is to be held by the United States Marshals Service, in its secure custody and control.

3. Pursuant to Rule G(4)(a) of the Supplemental Rules for Certain Admiralty and Maritime Claims and Asset Forfeiture Actions, the United States is permitted to publish forfeiture notices on the government internet site, www.forfeiture.gov. This site incorporates the forfeiture notices that have been traditionally published in newspapers. The United States forthwith shall publish the internet ad for at least 30 consecutive days. Any person, other than the defendant(s) in this case, claiming interest in the Subject Property must file a Petition within 60 days from the first day of publication of the Notice on this official government internet web site, or no later than thirty-five (35) days from the mailing of actual notice, whichever is earlier, pursuant to Rule G(5) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions. The petition shall be signed by the petitioner under penalty of perjury and shall set forth the nature and extent of

the petitioner's right, title or interest in the Subject Property, the time and circumstances of the petitioner's acquisition of the right, title and interest in the Subject Property and any additional facts supporting the petitioner's claim and the relief sought, pursuant to 21 U.S.C. § 853(n).

    4.    The United States may also, to the extent practicable, provide direct written notice to any person known to have an alleged interest in the assets to be forfeited, which are the subject of this Order of Forfeiture.

    5.    Upon adjudication of all third-party interests, this Court will enter a Final Order of Forfeiture pursuant to 21 U.S.C. § 853(n), in which all interests will be addressed.

    6.    The signature pages of this Stipulation may be executed in one or more counterparts, each of which will be

deemed an original but all of which together will constitute one and the same instrument and facsimile signatures shall be acceptable in lieu of original signatures.

**AGREED AND CONSENTED TO:**

LEV L. DASSIN
Acting United States Attorney for the
Southern District of New York
Attorney for the United States

By: _____  DATE 5/18/2009
SHARON COHEN LEVIN
MICHAEL FARBIARZ
Assistant United States Attorneys
One St. Andrew's Plaza
New York, New York 10007
212-637-1060 / 1587

ALEXANDER YAKOVLEV, Defendant

By: _____  DATE 05/06/2009
ALEXANDER YAKOVLEV

By: _____  DATE 05/09/2009
ARKADY BUKH, ESQ.
Counsel for the Defendant

**SO ORDERED:**

_____  12/22/10
HONORABLE DEBORAH A. BATTS   DATE
UNITED STATES DISTRICT COURT JUDGE

5